**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-094255**
JBH
MAY 12, 2022 04:53 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

|  |  |
|---|---|
| DEWANNA ANN NORMAN, as Administrator of the Estate of JOSHUA BERNARD HORNE, Deceased,<br><br>   Plaintiff,<br><br>v.<br><br>SINGH SOBATPREET, 2111606 ALBERTA, LTD. d/b/a TRANSKING TRUCKING, and INTACT FINANCIAL CORPORATION,<br><br>   Defendants. | Civil Action No. _____ |

## ORIGINAL COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, by and through her undersigned attorneys of record, and files this, his Complaint for Damages, and respectfully showing this Honorable Court the following:

1.

The Defendant Singh Sobatpreet is a resident of Hamilton, Ontario; however, he is subject to the venue and jurisdiction of this Court under O.C.G.A. § 9-10-33.

2.

The Defendant 2111606 Alberta, Ltd. d/b/a Transking Trucking (hereinafter referred to as "Transking Trucking") is a common/contract motor carrier, as defined by the Georgia Motor Carrier Act, that maintains its principal place of business in Calgary, Alberta and at all times relevant to this Complaint for Damages, was and is a joint tortfeasor with the Defendant Singh Sobatpreet, subjecting it to the venue and jurisdiction of this Court in accordance with O.C.G.A. § 14-2-510.

1

**EXHIBIT A**

3.

The Defendant Intact Financial Corporation is a foreign insurance company that maintains a registered agent in Toronto, Ontario, who at all times relevant to this Complaint for Damages provided insurance to the Defendant Transking Trucking, a common/contract motor carrier, subjecting it to the venue and jurisdiction of this Court, pursuant to O.C.G.A. §§ 40-1-112, 40-1-117.

4.

Defendant Singh Sobatpreet, at all times relevant to this Complaint for Damages, was and/or is the employee and/or agent of Defendant Transking Trucking.

5.

At all times relevant to this Complaint, Defendant Singh Sobatpreet was acting within the course and scope of his employment or agency relationship with Defendant Transking Trucking.

6.

Defendant Transking Trucking is vicariously liable to Plaintiff for all damages sustained as a result of the negligence of the Defendant Singh Sobatpreet under the doctrine of *respondeat superior*.

7.

At all times relevant to this Complaint for Damages, the tractor trailer that Defendant Singh Sobatpreet was operating was and is used to move persons or goods for profit.

8.

Defendant Transking Trucking is engaged in the transportation of persons or property as a common motor carrier, as defined by the Georgia Motor Carrier Act.

EXHIBIT A

9.

At all times relevant to this Complaint for Damages, the tractor trailer owned by the Defendant Transking Trucking and operated by the Defendant Singh Sobatpreet was and is insured by Atlantic Specialty Insurance Company.

10.

On or about August 16, 2019, on Spring Street at or near its intersection with Emery Highway in Bibb County, Georgia, the Defendant Singh Sobatpreet negligently operated a tractor trailer, proximately and foreseeably causing a collision with a vehicle in which the Plaintiff was a lawful and innocent passenger.

11.

The Defendant Singh Sobatpreet was negligent, as pled in ¶10, by failing to keep a proper lookout, failing to exercise due care while operating a tractor trailer, failing to maintain a safe distance of travel, failing to yield to the Plaintiff's lawful right of way, and failing to obey the Uniform Rules of the Road for the State of Georgia.

12.

The Defendant Transking Trucking was negligent in entrusting the aforementioned tractor trailer to the Defendant Singh Sobatpreet, hiring and retaining an unsafe employee, to wit: Defendant Singh Sobatpreet, and by failing to perform regular maintenance inspections as required under State and Federal law.

13.

As a proximate and foreseeable result of the Defendants' negligence, the Plaintiff was seriously injured, incurring costly and significant medical expenses in excess of $169,210.32 and lost wages in excess of $1.00.

EXHIBIT A

14.

In addition to ¶13, the Plaintiff has endured and will continue to endure pain and suffering.

15.

The Plaintiff Joshua Bernard Horne departed this life on October 12, 2020.

16.

The Plaintiff Dewanna Ann Norman was appointed as the Administrator of the Estate of Joshua Horne by the Bibb County Probate Court on April 13, 2022. (Pl.'s Ex. "A").

17.

The statute of limitations under Georgia law would have expired on August 16, 2021, however, under O.C.G.A. § 9-3-92 the statute of limitations was extended for the first time through February 15, 2023.

18.

As a result of Chief Justice Melton's First Order Declaring a Statewide Judicial Emergency[1] on March 14, 2020, all deadlines, including statutes of limitation, were tolled and/or extended until Chief Justice Melton's Fourth Order Extending the Statewide Judicial Emergency reinstated those deadlines on July 14, 2020.[2]

19.

According to the Chief Justice's Fourth Order and the Supreme Court's "Guidance on Tolling of Statutes of Limitation"[3], the 122-day period between March 14, 2020, and July 14, 2020 "shall be excluded from the calculation of that statute of limitation." (Fourth Order, p. 5.)

---

[1] https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-Statewide-Jud-Emergency-order.pdf
[2] https://www.gasupreme.us/wp-content/uploads/2020/07/4th-SJEO-FINAL.pdf
[3] https://www.gasupreme.us/wp-content/uploads/2020/04/Guidance-for-Tolling-Statutes-of-Limitation-04_06_20.pdf

EXHIBIT A

4

20.

As such, the applicable statute of limitation in this case was extended a second time from February 15, 2023 to June 17, 2023.

21.

The Plaintiff has a cause of action against the Defendant Singh Sobatpreet for negligence and all other applicable theories of liability.

22.

The Plaintiff has a cause of action against the Defendant Transking Trucking for negligence, negligent entrustment, negligent hiring and retention, negligent maintenance, *respondeat superior*, and all other applicable theories of liability.

23.

In accordance with O.C.G.A. § 40-1-112, the Defendant Intact Financial Corporation, in being the insurance provider for Defendant Transking Trucking, a common/contract motor carrier, is directly actionable by the Plaintiff for the damages he sustained in the above referenced accident.

24.

The Plaintiff is entitled to recover from the Defendants for her past and future medical expenses, past and future pain and suffering, and all other damages as permitted by law.

WHEREFORE, Plaintiff prays that she have a judgment against the Defendants in an amount determined by a fair and impartial jury to be adequate and just.

*{Signature on Following Page}*

This 12th Day of May, 2022.

                /s/ David Dozier
                David Dozier
                GA Bar No. 228898
                Sean G. Hickey
                GA Bar No. 298798
                Attorneys for Plaintiff

THE DOZIER LAW FIRM, LLC
487 Cherry Street
PO Box 13
Macon, GA 31202-0013
(478) 742-8441
david@dozierlaw.com
shickey@dozierlaw.com

**PLEASE HAVE THE SHERIFF SERVE THE DEFENDANTS AT THE FOLLOWING:**

Singh Sobatpreet
62 Mohawk Road East
Hamilton, Ontario L9A 2G9

2111606 Alberta, Ltd. d/b/a Transking Trucking
747 Taradale Drive Northeast
Calgary, Alberta T5J 4X3

Intact Financial Corporation
700 University Avenue
Suite 1500-A
Toronto, Ontario M5G 0A1

6

**EXHIBIT A**

## IN THE PROBATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

IN RE: ESTATE OF )
JOSHUA BERNARD HORNE ) ESTATE NO. 22PV46144
DECEASED )

### ORDER APPOINTING ADMINISTRATOR

A petition for letters of administration for the above named decedent was filed.

Dewanna Ann Norman was/were nominated administrator(s) in the petition and is/are hereby found to be legally qualified for said office. The Court finds that the decedent died domiciled within or domiciled outside the State of Georgia but owning property within, the above County. The Court finds that the decedent died intestate. The Court further finds that all of the heirs at law were served or acknowledged service. The Court further finds that no objection has been filed, and all requirements of law have been fulfilled.

ACCORDINGLY, IT IS ORDERED that the person(s) named above is/are found to be qualified for such office and is/are hereby appointed administrator(s) of the estate of the decedent, and that appropriate letters be issued upon said administrator(s) giving bond with approved surety in the sum of $ 1,000.00 and taking the oath as provided by law. The administrator(s) shall not make any distribution to a person for the benefit of a minor unless that person is qualified to receive such funds according to law.

IT IS FURTHER ORDERED that upon unanimous consent and publication of notice as necessary, the Court hereby: *[Initial all that apply.]*

- **NA** (a) ***POWERS GRANTED***: Grants to the administrator(s) all of the powers contained in O.C.G.A. § 53-12-261, except the administrator(s) shall not be authorized to bind the estate by any warrant in and conveyance or contract in violation of O.C.G.A. § 53-8-14(a).

- **NA** (b) ***REPORTS WAIVED***: Grants to the administrator(s) the specific power to serve without making and filing inventory, and without filing any annual or other returns or reports to any court.

- **NA** (c) ***BOND WAIVED***: Waives the specific requirement to post bond.

- **NA** (d) ***STATEMENTS WAIVED***: Grants to the administrator(s) the specific power to serve without furnishing to the heirs statements of receipts and disbursements.

SO ORDERED this ___ day of APR 1 3 2022, ~~2021~~ 2022

Filed APR 1 3 2022
(dep) Clerk

_____
Judge of the Probate Court


PLAINTIFF'S EXHIBIT A

GPCSF 3   Eff. July 2021